# COTTEN SCHMIDT & ABBOTT

— L.L.P. —

**ATTORNEYS AT LAW**

REPLY TO:
FORT WORTH OFFICE

100 Energy Way, Ste. 2000
Fort Worth, Texas 76102
Telephone (817) 338-4500
Facsimile (817) 338-4599

BRIAN D. ESENWEIN, J.D., C.P.A.
**PARTNER** – ADMITTED IN TEXAS
STATE BAR NO. 06665900

besenwein@csa-lawfirm.com

FORT WORTH • CORPUS CHRISTI
HOUSTON • NEW ORLEANS • CALIFORNIA

December 6, 2017

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
~~12/6/2017 4:18:34 PM~~
DEBRA SPISAK
Clerk

**FILED**
COURT OF APPEALS
SECOND DISTRICT OF TEXAS

12/19/2017

DEBRA SPISAK, CLERK

Via E-Filing
Debra Spisak, Clerk
Court of Appeals, Second District of Texas at Fort Worth
*On Appeal from the 236th District Court, Tarrant County, Texas*

RECEIVED
COURT OF APPEALS
SECOND DISTRICT OF TEXAS

12/06/2017

DEBRA SPISAK, CLERK

Re:    Court of Appeals Case Number: 02-17-00035-CV, Scott A. Miller, Appellant v. Jeremy J. Walker, d/b/a Maverick Wealth Management, Appellee - <u>Letter Brief</u>

During oral argument, Appellant's Counsel made several statements concerning the Record which Appellee believes are inaccurate. Appellant's Counsel also misapplied a key opinion to the facts of this case.

Appellant's Counsel accurately acknowledged during her rebuttal argument that the Arbitrators had found that Walker breached the AFA Agreement (oral argument at approx. 37 mins. 32 secs.). Appellant's Counsel then back tracked by stating the Arbitrators may have awarded attorneys' fees to Miller on the basis of the breach by Walker of one or more oral contracts. She also made a general reference to other written agreements, said this was not a reasoned award, and stated, "We don't know what contract the Arbitrators found Mr. Walker breached." (Oral argument at approx. 38 mins. 40 secs.)

---

*Exhibit "A" - To Appellee's Motion for Leave to file Letter Brief*          Page 1 of 7

## Inaccurate Statements Concerning the Record

There is no evidence in the Record to support Appellant's Counsel's statements regarding alleged oral agreements between Miller and Walker, and no other written agreements with customer non-solicitation covenants were in evidence.

The Arbitrators awarded damages and attorneys' fees to Miller due to the breach of written agreements Walker made with Ameriprise according to the Award and not for breach of any oral agreement or other written agreements (CR - Vol. 1, p. 31). The only written agreement Walker made with Ameriprise that contained the type of covenants referred to by the Arbitrators in the Award was the 2009 AFA Agreement.

The statement made by Appellant's Counsel to this Court that it was not possible to read the Arbitrators' minds and figure out why they awarded attorneys' fees mischaracterizes the Record based on both the foregoing paragraph and on the following: (Oral argument at approx. 39 mins. 08 secs.)

1. Appellant's Counsel stated under penalty of perjury that, the Panel found that the 2009 AFA Agreement prohibited solicitation of Miller's Ameriprise customers and awarded permanent injunctive relief on that basis (RR - Ex. No. 3 to Transcript, p. 2, paragraph 7, lines 10-13).

2. Scott Miller testified his damages were caused by Walker's breach of the 2009 AFA Agreements (CR - Vol. II, p. 547, p. 185, lines 9-12).

3.    The only breach of contract cause of action set forth in the Appellant's Amended Statement of Claim stated that Walker breached his contracts with Ameriprise by failing to comply with the confidentiality and non-solicit provisions contained in those contracts (RR - Ex. No. 8 to Transcript, p. 23).

The above confirms that according to the Record the 2009 AFA Agreement was the sole contractual justification for an award of attorneys' fees to Miller pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code. Accordingly, the comments to the Court by Appellant's Counsel that, "Was it the breach of the 2009 AFA Agreement specifically that they were resting their opinion on? That's not made clear", are inaccurate. (Oral argument approx. 39 mins. 05 secs.)

**Omission by Appellant's Counsel of Key Terms of the AFA Agreement**

Appellant's Counsel was asked, "is arbitration under FINRA necessarily exclusive of incorporating the arbitration agreement?" Ms. Blair responded that she did not believe they are exclusive. (Oral argument at approx. 10 mins. 40 secs.) She then qualified her response by stating that the arbitration clause contained in the AFA Agreement excludes customer non-solicitation claims brought under Section VIII of the AFA Agreement. (Oral argument at approx. 10 mins. 05 secs.) Appellant's Counsel further stated that those claims were therefore submitted to arbitration under the requirements for arbitration between Miller and Walker

according to the FINRA Code and not the arbitration agreement. (Oral argument at approx. 11 mins. 40 secs.)

Appellant's Counsel did not mention that:

1.  The sentence in the arbitration agreement containing that limitation started with the phrase, "Unless otherwise agreed to in writing by both parties, ..." which is what occurred when Ameriprise and Walker each signed a submission agreement that did not violate the arbitration agreement because Paragraph 1 of Section IX included that enabling clause; or

2.  Under the AFA Agreement, the broadly worded arbitration clause would automatically apply to customer solicitation disputes that were voluntarily submitted to arbitration, and under cited case law the FINRA Code would have been superseded by the parties' agreement.

**Mischaracterization by Appellant's Counsel of the Application of Case Law to this Appeal**

Appellant's Counsel misrepresented the law of the case in *Hollern v. Wachovia Securities, Inc.*, 458 F.3d 1169 (10th Cir. 2006). Ms. Blair stated that the Tenth Circuit held that in the context of FINRA the Uniform FINRA Submission Agreement controls over prior written arbitration agreements. (Oral argument at approx. 39 mins. 40 secs.)

Appellant's Counsel did not bring to this Court's attention that in *Hollern* the parties' original arbitration agreement was silent on the issue of attorneys' fees.

(Id at 1774) Moreover, the Court in *Hollern* cited another Tenth Circuit opinion that stated:

> "The parties may extend that authority, however in their submission to the arbitrators so long as the submissions do not violate the express provisions of the original arbitration agreement." Id at 1174

*Hollern* holds that the Arbitrators' authority can be expanded by the parties under a written submission agreement when the arbitration language is *silent* on a particular matter.

The specific language in the arbitration agreement in the AFA Agreement regarding attorneys' fees distinguishes *Hollern* from this case, and the opinion issued by the Tenth Circuit supports the Appellee's position on Appeal, and is in conflict with the Appellant's oral argument.

**The Undersigned's Attorneys' Fees Affidavit**

Through no one's fault, time expired before the undersigned was able to present his five minutes of allocated time for oral argument to the Court, and the following supplemental information is provided to aid the Panel during its deliberations.

The Attorneys' Fees Affidavit submitted in the arbitration by the undersigned in the arbitration (RR - Ex. No. 30 to Transcript) contained several statements regarding the FINRA Arbitrators' general authority to award attorneys' fees to Walker payable by Miller. Appellant's Counsel argued that the affidavit

supported Appellant's positon on Appeal, and Mr. Disney was asked by one of the Justices why Walker was entitled to seek attorneys' fees from Miller under the arbitration agreement. (Oral argument approx. 31 mins. 24 secs.)

The undersigned could have further responded to the Court by stating that when the affidavit was prepared at the end of the arbitration hearing on damages, Walker was seeking attorneys' fees from both Ameriprise (as a signatory to the AFA under which the Arbitrators' authority to award Walker attorneys' fees against Ameriprise was clear), and Miller (who Appellee contended had no standing to bring any claims or recover any damages or fees under the AFA Agreement) (CR - Vol. I, p. 168). Walker was also asking the Arbitrators to reconsider its ruling on permanent injunction and conclude that Miller was not covered by the AFA Agreement (CR - Vol. I, p. 172).

The undersigned was effectively advising the Arbitrators in general and qualifying terms through his Attorneys' Fees Affidavit that *if* Miller *did not* have standing and was not allowed to assert any claims against Walker under the AFA Agreement, the Arbitrators still had authority to award Walker his attorneys' fees against Miller under various alternative theories. The undersigned acknowledges the affidavit did not draw a distinction between Ameriprise and Miller as to such general FINRA rules, but none was required.

When the Panel awarded Miller compensatory damages under the AFA Agreement in the final Award, Miller was also subject to the narrow attorneys'

fees language in the arbitration agreement, (just like Ameriprise and Walker were), whereupon those general statements in the undersigned Attorneys' Fees Affidavit were negated and rendered moot, and the Arbitrators were authorized to award attorneys' fees to Walker from Miller under the arbitration clause.

**Summary**

Miller submitted his claims against Walker under the arbitration agreement in the AFA Agreement. The narrow arbitration clause regarding the Arbitrators' authority to award attorneys' fees applies to Miller and that language controls over all else, and according to *Hollern*, the FINRA Uniform Submission Agreement will not be read to violate the parties' arbitration agreement.

Respectfully submitted,

*/s/ Brian D. Esenwein*

Brian D. Esenwein, J.D.,C.P.A.
State Bar No. 06665900
COTTEN SCHMIDT & ABBOTT, LLP
100 Energy Way, Suite 2000
Fort Worth, Texas 76102
Telephone: 817-338-4500
Facsimile: 817-338-4599
besenwein@csa-lawfirm.com

COUNSEL FOR APPELLEE
JEREMY J. WALKER

BDE/cmg
cc: Rick K. Disney (of the firm)